UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MR. AND MRS. JOHN W. WEIMAR                CIVIL ACTION

VERSUS
                                           NO. 17-584-BAJ-RLB
LIBERTY MUTUAL INSURANCE COMPANY

**ORDER**

Before the Court is Plaintiffs' Motion to Compel Responses to Discovery (R. Doc. 21) filed on August 13, 2018. The motion is opposed. (R. Doc. 23).

**I.      Background**

John and Lallah Weimer ("Plaintiffs") initiated this action in state court, seeking recovery under an insurance policy issued by Liberty Mutual Insurance Company. (R. Doc. 1-2). West American Insurance Company ("West American") removed the action, stating that it was improperly named "Liberty Mutual Insurance Company" in the Petition. (R. Doc. 1).

On October 17, 2017, Plaintiffs' First Supplemental and Amending Complaint was filed into the record. (R. Doc. 14, "Am. Compl."). Plaintiffs assert that the policy at issue provides coverage for their commercial property located in Baton Rouge, which, on or about February 23, 2016, was allegedly "damaged as a result of a wind event, causing damage to the roof, gutter and other damages, including but not limited to, water intrusion." (Am. Compl. ¶¶ 6-10). Plaintiffs seek damages for breach of contract and bad faith. (Am. Compl. ¶¶ 11-17).

On February 6, 2018, Plaintiffs served their First Set of Requests for Production of Documents and Interrogatories to West American. (R. Doc. 21-2 at 1-17). West American provided responses on March 22, 2018. (R. Doc. 21-2 at 18-38). Plaintiffs assert that the parties held a discovery conference on the issues raised in this motion on April 4, 2018. (R. Doc. 21-2).

On August 13, 2018, Plaintiffs filed the instant motion, which seeks the production of a privilege log and supplemental responses to Interrogatory No. 10, and Request for Production Nos. 3, 4, 6, 9, and 10.

## II. Law and Analysis

### A. Legal Standards

"Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). The court must limit the frequency or extent of discovery if it determines that: "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C).

"The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Rule 26(c)'s "good cause" requirement indicates that the party seeking a protective order has the burden "to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra*

*Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)).

A party must respond or object to an interrogatory or request for production within 30 days after service of the discovery. *See* Fed. R. Civ. P. 33(b)(2), 34(b)(2)(A). This default date may be modified by stipulation between the parties. Fed. R. Civ. P. 29(b). If a party fails to respond fully to discovery requests made pursuant to Rule 34 in the time allowed by the Federal Rules of Civil Procedure, the party seeking discovery may move to compel responses and for appropriate sanctions under Rule 37. An "evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer or respond." Fed. R. Civ. P. 37(a)(4).

### B. Analysis

#### 1. Privilege Log

Plaintiffs seek an order requiring West American to produce a privilege log in light of its privilege objections to Interrogatory Nos. 7, 9, 11, 14, and 15, and Request for Production Nos. 2, 7, 8, 11, 14, and 15. (R. Doc. 21-1 at 2-8). In opposition, West American asserts that its counsel informed Plaintiffs' counsel at the April 4, 2018, discovery conference that it had not withheld any documents on the basis of privilege. (R. Doc. 23 at 3-4). West American further represents that on July 17, 2017, it produced certain redacted documents without a privilege log, and that it would provide an appropriate privilege log with respect to that supplemental production. (R. Doc. 23 at 4).

Given that foregoing, the Court will require West American to identify any documents or portions of documents withheld as privileged on a privilege log in compliance with Rule 26(b)(5)(A) of the Federal Rules of Civil Procedure and Local Rule 26(c) to the extent it has not done so.

## 2. Request for Production No. 3

Plaintiffs' Request for Production No. 3 seeks the production of the complete underwriting file for the policy at issue. (R. Doc. 21-2 at 8). West American objected to this discovery request "as overly broad, unduly burdensome, and seeking irrelevant information." (R. Doc. 21-2 at 33). West American now represents that it "will produce these documents subject to entry of a protective order." (R. Doc. 23 at 4).

Given the foregoing, the Court will require West American to fully respond to Request for Production No. 3, without further objection, after the entry of a protective order governing the exchange of confidential information in this action.

## 3. Interrogatory No. 10 and Request for Production No. 10

Plaintiffs' Interrogatory No. 10 and Request for Production No. 10 seek information and documents, including entire claims files, related to any claims or lawsuits brought against West American within the past ten years alleging misconduct, improper claims handling, bad faith, or insurance code violations. (R. Doc. 21-2 at 10, 13). West American objected to the discovery requests on the basis of over breadth, undue burden, relevance, confidentiality, and privilege. (R. Doc. 21-2 at 24, 36).

The Court sustains West American's objections based on over breadth and relevance. In support of its argument that the information and documents sought are within the scope of discovery, Plaintiffs rely on various decisions involving requests for information and documents related to claims brought by other insureds related to Hurricane Katrina. (R. Doc. 21-1 at 8). In these decisions, the Court ordered the production of information and documents regarding other Katrina-related claims in limited geographical areas. *See Tomlinson v. Allstate Indem. Co*., No. 06-617, 2007 WL 404698 (E.D. La. Feb. 1, 2007) (upholding magistrate judge's order

compelling Allstate to produce list of all lawsuits filed against it by Jefferson Parish homeowners as a result of Hurricane Katrina); *Dudenhefer v. State Farm Fire & Cas. Co*., No. 06-4380, 2007 WL 1521018, at *3 (E.D. La. May 23, 2007) (affirming magistrate judge's order requiring State Farm to produce a list of all claims and/or lawsuits made as a result of Hurricane Katrina in St. Bernard Parish in which bad faith was alleged); *Parent v. State Farm Fire and Cas. Co*., No. 06-2362, 2007 WL 1651990 (E.D. La. 2007) (upholding magistrate judge's order compelling State Farm to produce, among other things, a list of insureds within one mile of the plaintiff's residence and claims relating to Hurricane Katrina). The foregoing decisions dealt with how an insurer was handling claims in the same geographic area caused by the same catastrophic event. Those cases are easily distinguishable because the discovery requests at issue in this action are not so limited in scope. Furthermore, this Court has recognized that discovery of prior instances of claims of bad faith is not relevant to whether an insurer acted with bad faith in the instant matter. *See Haydel v. State Farm Mutual Auto. Ins. Co.*, No. 07-939, 2009 WL 10679319, at *7-8 (M.D. La. July 16, 2009) (concluding that prior actions and claims for bad faith were irrelevant and noting that they were not discoverable absent allegations of violations of state unfair trade practices law or general business patterns of bad faith violations).

With respect to overbreath, the Court notes that the requests as written cover a 10-year period and the information sought includes "entire claims files," discovery that goes far beyond any authority cited by Plaintiffs.

Given the foregoing, the Court will not require West American to provide any supplemental responses to Plaintiffs' Interrogatory No. 10 and Request for Production No. 10.

### 4. Request for Production Nos. 4 and 9

Plaintiffs' Request for Production No. 4 seeks the production of all "claims manuals, directives, letters, and other forms of written or computerized communication" directed to claims adjusters that refer or relate to claims handling, including documents reflecting West American's claim settlement policies and changes of policy. (R. Doc. 21-2 at 8). Plaintiffs' Request for Production No. 9 seeks the production of claims handling procedures or guidelines within the last five years regarding "unfair claims settlement practices, unfair claims handling practices, standards to be met in adjusting or handling first party insurance claims, an/ or avoiding charges of bad faith." (R. Doc. 21-2 at 9-10). West American objected to these discovery requests on the basis of over breadth, undue burden, relevance, and confidentiality. (R. Doc. 21-2 at 34, 36).

The foregoing document requests are overly broad as written. The Court will limit the documents required to be produced in response to these document requests to any documents that establish the procedures for adjusting claims under commercial property policies similar to the one at issue in this action that were in effect and available to West American's employees at the time Plaintiffs' claim was adjusted. These documents are relevant to Plaintiffs' bad faith claims. *See Massachusetts Mut. Ins. Co. v. Beeharilal*, No. 14-85, 2015 WL 1346242, at *8-9 (M.D. La. Mar. 24, 2015); *Sosebee v. Steadfast Ins. Co.*, No. 09-4138, 2011 WL 2637324, at *3 (E.D. La. July 6, 2011); *Reliance Ins. Co. v. River/Rd. Recycling, Inc.*, No. 00-2229, 2003 WL 22174238, at *5 (E.D. La. Sept. 8, 2003). West American must produce such documents after the entry of a protective order governing the exchange of confidential information in this action.

### 5. Request for Production No. 6

Plaintiffs' Request for Production No. 6 seeks the production of all "computer programs, electronic data, documents and/or manuals used by Defendant's adjusters and/or claims

representatives to perform property damage and/or damage estimates relating to commercial property claims in Louisiana, including a complete copy of the computer programs) used to adjust the claims referenced in the Petition" for the last five years. (R. Doc. 21-2 at 9). West American objected to this discovery request "as overly broad, unduly burdensome, and seeking confidential and/or trade secret-protected information." (R. Doc. 21-2 at 35).

West American represents that it estimates pricing for covered repairs using a computer program called Exactimate. (R. Doc. 23 at 7). Plaintiffs have not provided any convincing argument in support of a finding that this computer program or any other documents or manuals used in calculating the value of Plaintiffs' insurance claims is relevant to the claims and defenses in this litigation. The Court will, however, require West American to produce any actual calculations of the value of Plaintiffs' insurance claims, if not previously disclosed or provided, as such information is relevant to the damages sought by Plaintiffs through their breach of contract claim.

## III. Conclusion

Based on the foregoing,

**IT IS ORDERED** that Plaintiffs' Motion to Compel Responses to Discovery (R. Doc. 21) is **GRANTED IN PART and DENIED IN PART** as described in the body of this Order. The parties shall bear their own costs.

**IT IS FURTHER ORDERED** that counsel for the parties shall confer within **10 days** of the date of this Order regarding the submission of a joint motion for entry of a protective order governing the exchange of confidential information. Any motion for entry of a proposed protective order governing the exchange of confidential information shall be filed within **14 days** of this Order. West American shall produce any confidential information required by this Order

within **7 days** after the entry of a protective order governing the exchange of confidential information.

**IT IS FURTHER ORDERED** that, within **10 days** of the date of this Order, West American shall identify any documents withheld as privileged on a privilege log in compliance with Rule 26(b)(5)(A) of the Federal Rules of Civil Procedure and Local Rule 26(c) to the extent it has not done so.

Signed in Baton Rouge, Louisiana, on November 19, 2018.

						_____
						**RICHARD L. BOURGEOIS, JR.**
						**UNITED STATES MAGISTRATE JUDGE**