UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| JOHN W. WEIMAR AND LALLAH WEIMAR | CIVIL ACTION |
| VERSUS | |
| LIBERTY MUTUAL INSURANCE COMPANY | NO.: 17-00584-BAJ-RLB |

## RULING AND ORDER

Before the Court is the **Motion for Reconsideration (Doc. 97)** filed by Defendant Liberty Mutual Insurance Company. Plaintiffs John W. Weimar and Lallah Weimar have filed a response in opposition. (Doc. 101). For the following reasons, the **Motion for Reconsideration (Doc. 97)** is DENIED.

### I.  BACKGROUND

This matter arises from allegations that West American Insurance Company ("West American") and Liberty Mutual Insurance Company ("Liberty Mutual") acted in bad faith while adjusting Plaintiffs' insurance claims. (Doc. 1 at p. 1). Plaintiffs allege that on February 15, 2016, West American issued a policy insuring them against wind damage to the roof of a metal commercial building ("Insured Property") and damage related to water intrusion. (Doc. 1-2 at ¶ 7). Plaintiffs claim that on February 23, 2016, the Insured Property sustained wind damage, water intrusion, and other damages. (*Id.* at ¶ 9). Plaintiffs allege that seven months after the storm,

they made a claim for damage under the policy, but West American breached the agreement by failing to pay the claim. (*Id.* at ¶ 12).

West American moved for summary judgment on the grounds that it would be impossible for Plaintiffs to establish at trial that the property damage was attributable to any event that was covered under the insurance policy. (Doc. 24). West American also moved for summary judgment on the grounds that Plaintiffs cannot establish the elements of their statutory claim of bad faith, namely, that West American's denial of coverage was "arbitrary, capricious, or without probable cause." (Doc. 31 (*citing* La. Rev. Stat. § 22:1892)).

The Court ruled that given the contradictory nature of the evidence provided by the parties, West American was not entitled to summary judgment on either claim, as summary judgment is only proper when there is no genuine issue as to any material fact. (Doc. 95).

## II. LEGAL STANDARD

The Court may revise an interlocutory order at any time for any reason before entering judgment. *United States v. Renda*, 709 F.3d 472, 479 (5th Cir. 2013). The Court's Ruling (Doc. 95) did not adjudicate all claims or decide the rights and liabilities of all parties; it is therefore interlocutory. *See* FED R. CIV. P. 54(b).

Because requests to reconsider interlocutory orders under Rule 54(b) require the Court to consider the policies behind Rule 59(e) requests to alter or amend judgment, the Court applies the Rule 59(e) standard to Rule 54(b) motions to reconsider. *See, e.g., eTool Dev., Inc. v. Nat'l Semiconductor Corp.*, 881 F. Supp. 2d

745, 748 (E.D. Tex. 2012). To support relief under that standard, Plaintiffs must "clearly establish" that the Court's ruling was "manifestly erroneous" or offer newly discovered evidence justifying reconsideration. *Schiller v. Physicians Res. Grp., Inc.*, 342 F.3d 563, 567 (5th Cir. 2003).

### III. DISCUSSION

West American only seeks reconsideration of the Court's ruling on its claim that Plaintiffs cannot establish the elements of their statutory claim of bad faith. West American argues that the Court's finding of a genuine issue of material fact as to whether the property damage was attributable to any event that was covered under the insurance policy *necessitated* a ruling that Plaintiffs cannot establish the elements of their statutory claim of bad faith. This is because under Louisiana law, "[a]n insurer does not act arbitrarily or capriciously if it refuses to pay a claim because of a genuine dispute over coverage or the amount of the loss." *BJD Properties, LLC v. Stewart Title Guar. Co.*, 380 F. Supp. 3d 560, 574 (W.D. La. 2019).

West American's argument mischaracterizes the Court's ruling. The Court did not rule that there was a genuine dispute over coverage or the amount of the loss. Rather, the Court ruled that given the contradictory nature of the evidence provided by the parties, it could not determine *as a matter of law* that the dispute over coverage was genuine. West American has not cited to a single case indicating that a finding of a genuine issue of material fact as to coverage precludes a bad faith claim from proceeding to trial. Therefore, West American's motion for reconsideration must be denied.

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that the **Motion for Reconsideration (Doc. 97)** is **DENIED**.

Baton Rouge, Louisiana, this 11th day of October, 2019.

_____
JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA